## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| JON MOORE, | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT FOR VIOLATIONS** |
| | ) **OF THE FEDERAL SECURITIES** |
| EQRX, INC., ALEXIS BORISY, AMY | ) **LAWS** |
| ABERNETHY, CLIVE MEANWELL, | ) |
| JORGE CONDE, KATHRYN GIUSTI, | ) **JURY TRIAL DEMANDED** |
| KRISHNA YESHWANT, MELANIE | ) |
| NALLICHERI, PAUL L. BERNS, SAMUEL | ) |
| MERKSAMER, and SANDRA J. | ) |
| HORNING, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Jon Moore ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE AND SUMMARY OF THE ACTION

1.     This is a stockholder action brought by Plaintiff against EQRx, Inc. ("EQRx" or the "Company") and the members of EQRx's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell EQRx to Revolution Medicines, Inc. ("Revolution Medicines") (the "Proposed Transaction").

2.     On July 31, 2023, EQRx, Revolution Medicines and Revolution Medicines' wholly owned subsidiaries, Equinox Merger Sub, Inc. ("Merger Sub I") and Equinox Merger Sub II LLC

("Merger Sub II") entered into an Agreement and Plan of Merger (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, Revolution Medicines will acquire EQRx, with each share of EQRx common stock converting into the right to receive a number of shares of Revolution Medicines common stock equal to an exchange ratio determined by dividing (i) the aggregate number of shares of Revolution Medicines common stock to be issued as merger consideration by (ii) the number of shares of EQRx common stock outstanding immediately prior to the effective time.  Upon closing of the Proposed Transaction, EQRx's current stockholders will own approximately 23.8% of the combined company and Revolution Medicines' current stockholders will own approximately 76.2% of the combined company.

3.      On September 29, 2023, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  Specifically, the Proxy Statement, which recommends that EQRx stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the financial projections for Revolution Medicines and EQRx; (ii) the financial analyses that support the fairness opinion provided by MTS Securities, LLC ("MTS"), an affiliate of the Company's financial advisor, MTS Health Partners, L.P.("MTS Health Partners") and financial analyses prepared by the Company's additional financial advisor, Goldman Sachs & Co. LLC ("Goldman Sachs"); and (iii) the potential conflicts of interest faced by the Company's additional advisor, BRG Transaction and Valuation Opinions, LLC ("BRG"), an affiliate of Berkeley Research Group, LLC.

4.      The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as EQRx stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5.      The special meeting for EQRx stockholders to vote on the Proposed Transaction is currently scheduled for November 8, 2023.  It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and EQRx's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction.  Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper under 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of shares of EQRx common stock.

10.     Defendant EQRx is a Delaware corporation, with its principal executive offices located at 50 Hampshire Street, Cambridge, Massachusetts 02141.  EQRx's shares trade on the Nasdaq Global Market under the ticker symbol "EQRX."

11.     Defendant Alexis Borisy ("Borisy") has been Executive Chairman of the Board and a director of the Company at all relevant times.  Defendant Borisky is also Lead Independent Director of the board of Revolution Medicines.

12.     Defendant Amy Abernethy has been a director of the Company at all relevant times.

13.     Defendant Clive Meanwell has been a director of the Company at all relevant times.

14.     Defendant Jorge Conde has been a director of the Company at all relevant times.

15.     Defendant Kathryn Giusti has been a director of the Company at all relevant times.

16.     Defendant Krishna Yeshwant has been a director of the Company at all relevant times.

17.     Defendant Melanie Nallicheri has been President, Chief Executive Officer and a director of the Company at all relevant times.

18.     Defendant Paul L. Berns has been a director of the Company at all relevant times.

19.     Defendant Samuel Merksamer has been a director of the Company at all relevant times.

20.     Defendant Sandra J. Horning has been a director of the Company at all relevant times.

21.     Defendants identified in paragraphs 12-20 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

## Background of the Company

22.     EQRx is a biopharmaceutical company focused on developing and commercializing innovative medicines for some of the most prevalent disease areas, including cancer and immune-inflammatory conditions.  The Company's pipeline is comprised of more than

10 programs including both small molecules and biologics, with five clinical-stage programs, and several disclosed and undisclosed preclinical and drug engineering programs. In May 2023, the Company announced it was re-focusing to prioritize development of lerociclib, a novel, oral, potent, and selective small molecule cyclin-dependent kinase 4/6 inhibitor, for which the Company had initiated a Phase 3 clinical trial.

**The Proposed Transaction**

23.     On August 1, 2023, EQRx announced that it had entered into the Proposed Transaction, stating, in relevant part:

REDWOOD CITY, Calif. & CAMBRIDGE, Mass., August 1, 2023 – Revolution Medicines, Inc. ("Revolution Medicines" or the "Company") (Nasdaq: RVMD), a clinical-stage oncology company developing targeted therapies for RAS-addicted cancers, and EQRx, Inc. ("EQRx") (Nasdaq: EQRX) today announced a definitive agreement through which Revolution Medicines plans to acquire EQRx in an all-stock transaction intended to add more than $1 billion in net cash to Revolution Medicines' balance sheet. The total number of shares of Revolution Medicines common stock to be issued to EQRx security holders will be determined in close proximity to the closing of the stockholder votes on the transaction based on the formula described below (see Transaction Details section). The deal, which was overseen by independent committees of Revolution Medicines' and EQRx's respective boards of directors, has been approved by the directors of each company. The transaction, which is subject to customary closing conditions, will enhance Revolution Medicines' efforts to fulfill its vision to discover, develop and deliver pioneering RAS(ON) Inhibitor drugs on behalf of patients with RAS-addicted cancers.

This proposed transaction is intended to reinforce and sustain Revolution Medicines' parallel development approach for its extensive RAS(ON) Inhibitor pipeline in multiple RAS-driven cancers by enhancing its balance sheet, increasing financial certainty in a challenging macroenvironment. With encouraging data trends thus far for its $RAS^{MULTI}$(ON) Inhibitor RMC-6236, planning is underway for one or more single agent pivotal clinical trials potentially to begin in 2024. Likewise, with encouraging initial clinical experience with its $KRAS^{G12C}$(ON) Inhibitor RMC-6291, planning is underway for a Phase 1/1b clinical trial to evaluate the combination of RMC-6236 and RMC-6291 potentially to begin in early 2024, while continuing single agent evaluation of RMC-6291. Revolution Medicines' acquisition of EQRx reflects both companies' confidence in Revolution Medicines' ability to deploy this amount of capital effectively. With the additional capital, Revolution Medicines will be positioned to maximize the potential clinical

impact of its targeted drug pipeline across multiple oncology indications, and thereby offers the potential for shareholder value creation while retaining strategic control of its RAS(ON) Inhibitor pipeline.

"This deal marks a decisive step toward advancing Revolution Medicines' vision as a self-sufficient organization that discovers and develops highly innovative drug candidates with the goal of delivering high-impact targeted medicines into oncology practice on behalf of patients with RAS-addicted cancers," said Mark A. Goldsmith, M.D., Ph.D., chief executive officer and chairman of Revolution Medicines. "This singular acquisition of a sizable quantum of capital signifies the growing confidence we have in our RAS-focused drug candidate pipeline, and substantially increases our capacity to continue advancing high-performing oncology assets, particularly our priority clinical-stage RAS(ON) Inhibitors, RMC-6236, RMC-6291 and RMC-9805, with the potential to create significant long-term value for our shareholders."

"Today's announcement is a result of a rigorous process run by an independent committee of directors of the EQRx board that thoroughly explored and considered strategic alternatives to maximize value to EQRx stockholders," said Melanie Nallicheri, president and chief executive officer of EQRx. "With its pioneering portfolio of RAS(ON) inhibitors, designed to defeat RAS-addicted cancers which represent 30% of all human cancers, Revolution Medicines has the opportunity to address one of the largest areas of unmet need in oncology. Deploying our significant capital not only enhances this important vision, it also provides a compelling opportunity for our stockholders to participate in the upside potential of both near-term and long-term value catalysts."

**Transaction Details**

Under the terms of the merger agreement, Revolution Medicines will acquire EQRx in an all-stock transaction. The stock exchange ratio formula in the merger agreement uses a blended average to account for developments in Revolution Medicines' ongoing business and potential movement in its stock price. Approximately 80% of the stock exchange ratio is based on Revolution Medicines' public market stock price measured in close proximity to the EQRx stockholder vote and the remaining 20% of the exchange ratio is a determined price per share of Revolution Medicines' stock as of the signing of the merger agreement. Specifically, at closing, EQRx stockholders will receive the number of shares of Revolution Medicines common stock equal to the sum of 7,692,308 Revolution Medicines shares (determined as $200 million divided by $26.00 per share) plus a number of shares equal to $870 million divided by a price that is a 6% discount to the 5-day volume-weighted average Revolution Medicines share price measured in close proximity to the stockholder vote.

Certain EQRx stockholders, representing more than 40% of voting shares of EQRx, have entered into support and voting agreements to vote their shares in favor of the

transaction. At the close of the transaction, one EQRx director will be designated by Revolution Medicines to serve on its board of directors.

The transaction is expected to close in November 2023, subject to satisfaction of customary closing conditions, including regulatory review, and approval by Revolution Medicines' and EQRx's stockholders. Upon completion of the transaction, EQRx shares will cease trading on the Nasdaq Global Market.

**Updates on Clinical-Stage RAS(ON) Inhibitors**

Revolution Medicines announces today that an update on the clinical antitumor activity of RMC-6236 (RAS$^{MULTI}$) in patients with non-small cell lung cancer (NSCLC) or pancreatic cancer will be presented as a Proffered Paper (oral presentation) during the Developmental Therapeutics session on Sunday, October 22 at the 2023 European Society for Medical Oncology Congress (ESMO), and supporting clinical data will be presented at the 2023 AACR-NCI-EORTC International Conference on Molecular Targets and Cancer Therapeutics ("Triple Meeting") in October. Revolution Medicines is an invited speaker in a plenary session at the Triple Meeting delivering a presentation entitled "Targeting RAS-addicted Cancers with Investigational RAS(ON) Inhibitors". Furthermore, a first report on initial clinical findings with RMC-6291 (KRAS$^{G12C}$), including preliminary evidence of differentiation from RAS(OFF) inhibitors, will be presented at the Triple Meeting. Additional details on the above presentations will be provided when available. The company also announces that study site activation is ongoing under an investigational new drug (IND) application for a Phase 1/1b trial of RMC-9805 (KRAS$^{G12D}$).

**Pipeline Focus and Disposition of Other Assets**

To maximize the likelihood of success and the breadth of potential impact for Revolution Medicines' most promising R&D assets, the company has made the strategic decision to concentrate its post-merger financial and human capital on its three    priority RAS-focused assets (RMC-6236, RMC-6291 and RMC-9805), as well as its deep pipeline of mutant-selective RAS(ON) Inhibitors.

In line with Revolution Medicines' continued prioritization and focus of its resources on novel drug mechanisms of action targeting RAS-addicted cancers, Revolution Medicines does not intend to advance EQRx's research and development portfolio following closing of the transaction. EQRx will commence a process to wind down these programs and return the associated intellectual property to its partners, which would have the opportunity to independently decide the next steps on development.

**Advisors**

Guggenheim Securities, LLC is acting as Revolution Medicines' financial advisor and Latham & Watkins LLP is serving as legal counsel. Goldman Sachs & Co. LLC is acting as lead financial advisor to EQRx. MTS Health Partners, L.P. is also acting as financial advisor to EQRx. Goodwin Procter LLP is acting as legal counsel for EQRx.

**The Materially Incomplete and Misleading Proxy Statement**

24.     On September 29, 2023, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC.  The Proxy Statement, which recommends that EQRx stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the financial projections for Revolution Medicines and EQRx; (ii) MTS's and Goldman Sachs' financial analyses; and (iii) BRG's potential conflicts of interest.

*Material Misrepresentations and/or Omissions Concerning the Financial Projections for Revolution Medicines and EQRx*

25.     The Proxy Statement fails to disclose material information concerning the financial projections for Revolution Medicines and EQRx.

26.     For example, with respect to the EQRx Forecasts for Revolution Medicines, the Proxy Statement fails to disclose a quantification of the assumptions underlying the risk-adjusted forecasts for Revolution Medicines, including with respect to:

epidemiology, asset-specific probabilities of technical and regulatory success, timing of the clinical development plan, timing of commercial launch, sales ramp, indications to be pursued, market size, market share, peak sales, pricing, expected cash burn rate, relative positioning versus competition, partnering and licensing arrangements, market exclusivity, estimated costs and expenses, [and] effective tax rate[.]

Proxy Statement at 102.  The Proxy Statement also fails to disclose a summary of the non-risk-adjusted forecasts for Revolution Medicines.

27.     Additionally, with respect to the EQRx Standalone Business Case, the Proxy Statement fails to disclose a summary of the product level projections for each of the Company's assets, including lerociclib and the Company's legacy assets, aumolertinib and its early-stage immune-inflammatory assets, as well as a summary of the Company's non-risk-adjusted projections.

*Material Misrepresentations and/or Omissions Concerning MTS's and Goldman Sachs' Financial Analyses*

28.     The Proxy Statement fails to disclose material information concerning MTS's and Goldman Sachs' financial analyses.

29.     With respect to MTS's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the terminal values for Revolution Medicine; (ii) the inputs and assumptions underlying the discount rates ranging from 11% to 13%; and (iii) Revolution Medicines' fully diluted outstanding shares.

30.     Additionally, the Proxy Statement fails to disclose a summary of the "illustrative financial analysis of the combined company" reviewed by Goldman Sachs at the July 29, 2023, EQRx transaction committee meeting.

*Material Misrepresentations and/or Omissions Concerning BRG's Potential Conflicts of Interest*

31.     The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by the Company's additional advisor BRG.

32.     Specifically, the Company engaged BRG to provide a liquidation analysis of EQRx.  Yet, the Proxy Statement fails to disclose the amount of the "fixed fee" BRG stands to receive in connection with its services provided to the Company.  *See* Proxy Statement at 85.

33.     In sum, the omission of the above-referenced information renders statements in the "Certain EQRx Unaudited Prospective Financial Information," "Opinion of MTS Securities,

EQRx's Financial Advisor," and "Background of the Mergers" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of EQRx will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**<u>COUNT I</u>**

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and EQRx**

34.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. EQRx is liable as the issuer of these statements.

36.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

37.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

40.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

41.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

42.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43.     The Individual Defendants acted as controlling persons of EQRx within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of EQRx and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

44.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

46.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

47.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of EQRx, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated:  October 19, 2023

**LONG LAW, LLC**

By:    */s/ Brian D. Long*
       Brian D. Long (#4347)
       3828 Kennett Pike, Suite 208
       Wilmington, DE 19807
       Telephone: (302) 729-9100
       Email: BDLong@longlawde.com

**OF COUNSEL:**

**ACOCELLI LAW, PLLC**
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*